# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:05-cr-00140-3 |
| TAVARES S. JONES, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

On December 31, 2020, the Court entered an Order denying Defendant Tavares S. Jones's Motion and Supplemental Motion for Compassionate Release. (Doc. No. 470). Pending before the Court is Jones's fully briefed Motion for Reconsideration of the Court's December 31, 2020 Order pursuant to 18 U.S.C. § 3582(c)(1). (Doc. Nos. 473, 481, 484). Also pending before the Court is Jones's Motion for Oral Hearing (Doc. No. 479). After reviewing the record, the parties' briefings, and the case law, the Court finds that an oral hearing is unnecessary. For the following reasons, Jones's Motion for Reconsideration will be denied.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure do not explicitly permit a motion for reconsideration; however, courts "may look to . . . [Rule] 59(e)." Norris v. Tenn., No. 3:20-cv-00701, 2020 WL 6685543, at *1 (M.D. Tenn. Nov. 12, 2020) (citing Banister v. Davis, 140 S. Ct. 1698, 1705-08 (2020)). Generally, "a motion to reconsider must be based on one of the grounds available for motions to alter or amend judgment or on a showing that the court clearly overlooked material facts or controlling law that were presented by the movant in litigating the underlying motion and that would result in a different disposition." Memphis A. Phillip Randolph Inst. v. Hargett, No.

1

3:20-cv-00374, 2020 WL 6589659, 2020 U.S. Dist. LEXIS 211968, at *3 (M.D. Tenn. Sep. 28, 2020). Therefore, under Rule 59(e), courts may alter or amend a final judgment in only a few, limited circumstances where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Id.

Relief under Rule 59(e) is an "extraordinary remedy" with an "exacting standard." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *4 (citing Heithcock v. Tenn. Dept. of Children's Servs., No. 3:14-cv-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015)). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." McGruder v. Metropolitan Gov't of Nashville and Davidson Cty., Tenn., No. 3:17-cv-01547, 2020 WL 4586171, at *2 (M.D. Tenn. Aug. 10, 2020) (internal citation and quotation omitted); see also Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *3 (citing Hanna v. Marriott Hotel Servs., Inc., No. 3:18-cv-0325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019)).

## II.　ANALYSIS

Jones argues that the Court must reconsider his compassionate release motion for two primary reasons: (1) newly discovered evidence pertaining to COVID-19 affects his risk of severe illness; and (2) an intervening change in controlling law expanded the Court's discretion to consider compassionate release motions. (Doc. No. 474). Jones also argues that it would be manifest injustice for the Court to find that his underlying medical conditions do not rise to the level of "extraordinary and compelling" reasons required for compassionate release. (See id. at 7). The Court is not persuaded by these arguments and will address each in turn below.

First, Jones argues that two forms of newly discovered evidence require his compassionate release: (1) that he was infected in late December 2020 with COVID-19, and (2) a recent spike in

2

COVID-19 infections at FCI Ashland. The Court notes that Jones's argument pertaining to his prior COVID-19 infection may well be counterintuitive. While it is unclear just how long natural immunity to subsequent infection lasts, the CDC has determined that reinfection remains rare. See Centers for Disease Control and Prevention, Reinfection with COVID-19, available at https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (all sites last visited Apr. 14, 2021). Various federal courts have held that the concern of a party who has already been infected may moot that party's concern about the susceptibility to adverse outcomes from subsequent infection. See U.S. v. Clark, 2020 U.S. Dist. LEXIS 123549, at *8–9 (W.D. Ky. July 14, 2020) (collecting cases); see also U.S. v. Horton, No. 3:16-cr-00179, 2020 WL 6135046 (M.D. Tenn. Oct. 19, 2020). Moreover, the record shows that Jones's case of COVID-19 infection involved relatively minor symptoms, such as "nasal congestion," "sore throat," and "slight headache." (Doc. No. 474 at 3). There is no indication that Jones's infection exacerbated his underlying medical conditions; indeed, he has since recovered and is now symptom-free. Nor is the Court persuaded by Jones's claim of a recent spike at FCI Ashland, where there are currently zero prisoners out of a prison population of 976 infected with COVID-19. See Federal Bureau of Prisons, COVID-19 Cases, available at https://www.bop.gov/coronavirus/. Accordingly, the Court finds that Jones has not shown that newly discovered evidence requires reconsideration.

Second, Jones argues that intervening law has expanded the Court's discretion to consider compassionate release motions. According to Jones, the Sixth Circuit's recent decision in U.S. v. Jones, 980 F.3d 1098 (6th Cir. 2020) allows the Court to "exercise its discretion" in finding Jones eligible for compassionate release. Under Jones, compassionate release may be warranted in cases where a prisoner, who has exhausted administrative remedies, files a motion and the court finds that a sentence reduction is warranted based on (1) "extraordinary and compelling reasons"; and

3

(2) "any applicable § 3553(a) factors[.]" Jones, 980 F.3d at 1107–08. The Court finds that Jones cannot meet this two-pronged threshold.

Jones still has not shown "extraordinary and compelling circumstances" with respect to his current health conditions. To be sure, Jones's health conditions – HIV, Hyperlipidemia, and Chronic Kidney Disease – are serious. However, there is no indication in Jones's medical record that his conditions are poorly managed by FCI Ashland. (See Doc. No. 462-2, 462-3). And even if the Court were to find that Jones's underlying medical conditions constituted "extraordinary and compelling reasons," the Court is not convinced that the applicable 3553(a) factors warrant his release. Indeed, as the Government points out, Jones has only served just over half of his 300-month sentence, and his offense involved large scale drug distribution, involved advanced-planning, involved guns that were fired, and put lives in danger. (See Doc. Nos. 312 at 23, 481 at 6). At sentencing, the Court found that the sentence was sufficient but not greater than necessary to meet the goals of punishment and deterrence. (Id.). Thus, several 3553(a) factors disfavored Jones's release then as well as now, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes. See 18 U.S.C. § 3553(a)(1), (2)(B–C). In sum, the Court is still not convinced that Jones has been sufficiently deterred, improved his lack of respect for the law, or received sufficient punishment despite the amount of time he has already served. In light of the Court's balancing of the 3553(a) factors, it would not be manifest injustice for the Court to deny reconsideration despite Jones's underlying medical conditions.

Accordingly, and for the foregoing reasons, Jones's Motion for Reconsideration of the Denial of the Motion and Supplemental Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Doc. No. 473) is DENIED.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE